FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 MAR 10 A 9:37
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RUSSELL J'NEE PASCHAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 108-149 |
| ) | |
| DAVID FRAZIER, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Hancock State Prison in Sparta, Georgia, filed the above-captioned case pursuant to 28 U.S.C. § 2254. The matter is before the Court on Respondents' motion to dismiss the petition as untimely and motion to dismiss Attorney General Baker as an improper party Respondent. (Doc. nos. 6, 7). Petitioner opposes the former motion, (see doc. no. 9), but he has not filed a response to the latter. Accordingly, the motion to dismiss Attorney General Baker is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss Attorney General Baker and motion to dismiss the petition as untimely be **GRANTED**, that Attorney General Baker be **DISMISSED** as an improper Respondent, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

## I. BACKGROUND

On September 19, 2002, Petitioner was convicted in the Superior Court of Richmond County, Georgia, of malice murder, felony murder, and possession of a knife during the commission of a crime. (Doc. no. 8, Ex. 5, p. 115). On October 18, 2002, he was sentenced to life imprisonment on each of the murder counts and five years of imprisonment on the possession count, with the sentences to run consecutively. (Id. at 120). Petitioner appealed to the Georgia Supreme Court, and on March 27, 2006, his conviction and sentence were affirmed in part; his felony murder sentence was vacated as "surplusage." See Paschal v. State, 628 S.E.2d 586, 589 (2006).

Following his appeal, Petitioner filed a federal petition for a writ of habeas corpus in this District pursuant to 28 U.S.C. § 2254. See Paschal v. Frazier, CV 107-024 (S.D. Ga. Feb. 13, 2007) (hereinafter "CV 107-024"). Before the claims presented could be addressed, Petitioner informed the Court that he wished to voluntary dismiss the petition so that he could pursue his state court remedies. See CV 107-024, doc. nos. 5, 8. Accordingly, September 19, 2007, the petition filed in CV 107-024 was dismissed without prejudice. Id., doc. no. 10.

While the federal petition filed in CV 107-024 was still pending, Petitioner filed a state habeas corpus petition on July 6, 2007. (Doc. no. 8, Ex. 2). In his state petition, Petitioner challenged his conviction based on an alleged error by the trial court and claims of ineffective assistance of counsel. (Id.). Following an evidentiary hearing, the state habeas court denied relief in an order filed January 30, 2008, finding that the claim regarding the alleged trial court error had been procedurally defaulted and that Petitioner had not been

denied effective assistance of counsel. (Id., Ex. 3). On June 2, 2008, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the state habeas court's denial of his petition. (Id., Ex. 4).

Petitioner executed the instant petition on October 6, 2008, and it was filed with the Clerk of Court on October 10, 2008. (See doc. no. 1). In his federal petition, Petitioner alleges that (1) his counsel was ineffective for failing to introduce material, exculpatory evidence at trial, and (2) his counsel was ineffective for failing to object to one of the trial court's jury instructions. (Id. at 6). Respondents submit in response that Attorney General Baker should be dismissed as an improper party Respondent and that the instant petition is untimely. (See doc. nos. 6, 7).

## II. DISCUSSION

### A. Improper Respondent

The Court finds that Attorney General Baker is an improper Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried

3

out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Frazier is the only proper Respondent, and the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss Attorney General Baker be **GRANTED**. (Doc. no. 7).

B.    **Timeliness of Petition**

The Court now turns to the issue of the timeliness of Petitioner's federal petition for a writ of habeas corpus. Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1. **Finality of Petitioner's Conviction**

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, Petitioner filed a direct appeal with the Georgia Supreme Court, and his conviction and sentence were affirmed in part on March 27, 2006.[1] Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court within the ninety day time limit set by United States Supreme Court Rule 13(1). Thus, his conviction became "final" when the ninety day time period for filing a petition for a writ of certiorari expired. See Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004). In the instant case, the AEDPA statute of limitations began to run ninety days following the date the Georgia Supreme Court partially affirmed Petitioner's conviction and sentence in March 2006. Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in June 2006.

---

[1] Because Petitioner was sentenced to two life sentences for both malice and felony murder for the death of one victim, the Georgia Supreme Court vacated as "surplusage" the life sentence on the felony murder conviction. See Paschal, 628 S.E.2d at 589. However, no issues were remanded for consideration by the trial court.

### 2. Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from June 2006 to file his federal habeas petition. However, the Court recognizes that according to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state habeas petition in July 2007, the one-year statute of limitations for filing a federal petition had expired. Therefore, this statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence state habeas proceedings until after the one-year period had expired for filing a federal habeas petition. Therefore, no time period remains to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

Moreover, Petitioner waited an additional four months following the Georgia Supreme Court's denial of his application for a certificate of probable cause to appeal to execute his federal habeas petition. Thus, the total time elapsed between the time his conviction became final and the time he executed the instant petition (accounting for the time period tolled while his state habeas petition was pending), is between 16 and 17 months, which clearly exceeds the one-year statute of limitations.[2]

---

[2] As noted above, Petitioner previously filed a federal habeas petition that was voluntarily dismissed. See CV 107-024, doc. no. 10. However, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations" under § 2244(d)(2). Rhines v. Weber, 544 U.S. 269, 274-75 (2005) (citing Duncan v. Walker, 533 U.S. 167, 181-82 (2001)).

6

The AEDPA also describes three other situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1). Here, Petitioner fails to argue, and there is nothing in the record to suggest, that any of these other three situations applies to his case. Accordingly, these provisions do not provide any other valid statutory ground for extending the one-year statute of limitations.

### 3. Equitable Tolling and Claims of Actual Innocence

Of course, the untimeliness of the instant petition under the provisions of the AEDPA may be "excused" if Petitioner demonstrates that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly; Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary

circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Moreover, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described the actual innocence exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Here, Petitioner has failed to demonstrate that any extraordinary circumstances, let alone extraordinary circumstances and due diligence on his part, entitle him to equitable tolling of the statute of limitations, and no such argument leaps from the face of the petition. Moreover, Petitioner has failed to argue or provide any evidence suggesting that he can meet the stringent standard necessary to trigger the actual innocence exception. Therefore, neither equitable tolling nor the actual innocence exception are available to extend the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations. Accordingly, Respondents' motion to dismiss the petition as untimely should be **GRANTED**. (Doc. no. 6).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss Attorney General Baker and motion to dismiss the petition as untimely be **GRANTED**, that Attorney General Baker be **DISMISSED** as an improper Respondent, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of March, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE