IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RUSSELL J'NEE PASCHAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-149 |
| | ) | |
| DAVID FRAZIER, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended that the instant petition be dismissed as untimely, as Petitioner failed to file his federal petition within the statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. no. 10, pp. 5-7). The Magistrate Judge also found that Petitioner had not shown that he qualified for the actual innocence exception or that he was entitled to equitable tolling of the statute of limitations. (Id. at 7-8).

Several of Petitioner's objections merit further discussion, but they do not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation. Petitioner first contends that he is entitled to equitable tolling because he was unaware of the AEDPA's statute of limitations or that he could file a petition for a writ of certiorari with the Supreme Court. (Doc. no. 12, p. 2). He also argues that equitable tolling is warranted in his case because he

received erroneous legal advice regarding the AEDPA's statute of limitations. (Id. at 5-6). The stringent standard that must be met for Petitioner to be entitled to equitable tolling was set forth fully in the Magistrate Judge's Report and Recommendation. (Doc. no. 10, pp. 5-6). Stated briefly, Petitioner must "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In addition, he will not prevail based upon a showing of either extraordinary circumstances or diligence alone; he must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

The Eleventh Circuit has held in circumstances similar to Petitioner's that ignorance of the law generally does not warrant the application of equitable tolling. See Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (refusing to apply equitable tolling where petitioner could not "establish his own due diligence in ascertaining the federal habeas filing deadline"); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (citations omitted) (recognizing that petitioner's somewhat specious claim of ignorance of the law was insufficient to justify equitable tolling where petitioner had filed an untimely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255). Other circuits have reached the same conclusion. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999))); Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir. 2000) ("[M]ere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling . . . ." (citations omitted)).

2

To the extent Petitioner contends that he received allegedly erroneous advice from his attorney regarding the applicable statute of limitations, attorney negligence is also generally no basis for equitable tolling. See Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008) (finding that allegations regarding the failure of the petitioner's attorney to communicate with his client were insufficient to entitle the petitioner to equitable tolling, absent "an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment, or so forth" on the part of the attorney). More specific to Petitioner's situation, "[a]n attorney's miscalculation of the limitations period or mistake . . . [regarding] the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling," Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), "particularly in the postconviction context where prisoners have no right to counsel," Lawrence, 549 U.S. at 336-37 (citation omitted); see also Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001).

Based on this precedent, the Court comfortably concludes that neither Petitioner's claim of ignorance of the law nor his claim of erroneous legal advice constitute an extraordinary circumstance that would justify equitably tolling AEDPA's statute of limitations. Moreover, Petitioner has not demonstrated the level of due diligence that must also be shown in order for him to be entitled to equitable tolling. Arthur, 452 F.3d at 1252 (citing Pace, 544 U.S. at 418-19); see also Howell, 415 F.3d at 1252. As Petitioner has failed to demonstrate either extraordinary circumstances or due diligence, let alone both, his arguments that he is entitled to equitable tolling based on his ignorance of the law or erroneous legal advice are without merit, and these objections are **OVERRULED**.

Petitioner also maintains that a previously filed federal habeas petition, which was filed within the AEDPA's statute of limitations, tolled the time period for filing the instant petition.

3

(Doc. no. 12, pp. 3-4); see Paschal v. Frazier, CV 107-024 (S.D. Ga. Feb. 13 2007).[1] However, Petitioner cites no authority in support of this position, and the Supreme Court has soundly rejected this argument. See Rhines v. Weber, 544 U.S. 269, 274-75 (2005) (citing Duncan v. Walker, 533 U.S. 167, 181-82 (2001)) (holding that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations" under the AEDPA); see also Bridges v. Johnson, 284 F.3d 1201, 1203 (11th Cir. 2002) (noting the Supreme Court's holding in Duncan later cited in Rhines). Thus, Petitioner's argument is without merit, and this objection is **OVERRULED**.[2]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Respondents' motion to dismiss Attorney General Baker and motion to dismiss the petition as untimely are **GRANTED**; Attorney General Baker is **DISMISSED** as an improper Respondent; this case is **DISMISSED**; and this civil action is **CLOSED**.

SO ORDERED this 1st day of April, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[1] This petition was voluntarily dismissed. See CV 107-024, doc. no. 10.

[2] The remainder of Petitioner's objections are also without merit and are likewise **OVERRULED**.

4